IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE THOMAS, | ) | CASE NO. 1:16-cv-00719 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHELE MILLER, | ) | |
| Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

Petitioner Jermaine Thomas ("Petitioner" or "Thomas"),[1] through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition").  Doc. 1.  Thomas challenges the constitutionality of his conviction and sentence in *State v. Thomas*, Case No. 13-575711 (Cuyahoga County).  Doc. 1, pp. 1-2, ¶ 3.  Thomas argues that the trial court's failure to dismiss his case for pre-indictment delay resulted in a denial of his federal due process rights.

On June 27, 2013, Thomas was indicted on three counts of rape and one count of kidnapping for offenses occurring on June 28, 1993.  Doc. 5-1, pp. 4-6, 94.  All counts included firearm specifications.  Doc. 5-1, pp. 4-6, 94.  Subsequently, in February 2014, Thomas was convicted of one count of rape and one count of kidnapping with firearm specifications.  Doc. 1, p. 1, ¶ 1; Doc. 5-1, p. 32.

---

[1] Petitioner's first name has been spelled "Jermaine" and "Jermain."  *See e.g.,* Doc. 1, p. 1 (caption); Doc. 1-1, p. 3, n. 1 (Eighth District Court of Appeals' February 5, 2015, opinion); Doc. 1-2, p. 1 (civil cover sheet).

This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. On July 15, 2016, Respondent filed a Return of Writ. Doc. 5. Thomas, through counsel, filed his Traverse on September 28, 2016. Doc. 8.

For the reasons set forth below, the undersigned recommends that the Court **DISMISS** Thomas's Petition (Doc. 1) due to procedural default.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Eighth District Ohio Court of Appeals summarized the facts underlying Thomas's convictions as follows:

> {¶ 3} The victim, A.W., testified that on the evening of June 28, 1993, she left her house on Dickens Avenue in Cleveland to walk to her cousin's house on Manor Avenue, one street over. In the darkness, a man approached her and forced her to walk south on East 97th Street toward Hilgert Drive. The man stayed close behind her holding something into her back that she believed was a gun. They walked up a driveway of a house next to an empty field where the man forced A.W. onto her knees and vaginally raped her. Although it was dark, there was sufficient light for A.W. to see that the man was holding a gun. There were no known witnesses of the crime.
>
> {¶ 4} After the rape, A.W. ran home to use the bathroom before running to a neighbor's house where a friend called the police. Later that evening she went by ambulance to St. Luke's Hospital where Dr. Cynthia Boes ("Dr.Boes") collected evidence of the rape in a rape kit. A.W. described the rape in detail to Dr. Boes, who wrote a narrative account of the incident in A.W.'s chart. A few days after the rape, Officer Debra Simmons ("Simmons") of the Cleveland Police Department met with A.W. in her home to investigate the rape. A.W. was unable to provide a detailed description of the suspect because it was dark, and she did not look at his face at any time during the incident. Without any leads, the case went cold.
>
> {¶ 5} In 2006, scientists at the Ohio Bureau of Criminal Investigation ("BCI") tested the evidence in A.W.'s rape kit and found DNA that matched Thomas's DNA.

> A detective contacted A.W. and informed her that BCI had identified a suspect with DNA evidence from the rape kit. A.W. informed the detective that she did not want to prosecute him. She explained she "didn't want to relive that moment again." Accordingly, A.W. signed a "Waiver of Prosecution," and the detective once again closed the investigation.
>
> {¶ 6} In 2013, an investigator from the Cuyahoga County Prosecutor' Office notified A.W. that the prosecutor's office was proceeding with the prosecution of the suspect in her rape case. The investigator discussed the incident with A.W. and presented a photograph lineup of suspects. A.W. was unable to identify the perpetrator from the lineup but agreed to assist in the prosecution.

*State v. Thomas*, 2015 WL 477228, * 1 (Ohio Ct. App. Feb. 5, 2015); *see also* Doc. 5-1, pp. 94-95.

## II.     Procedural Background

### A.  State conviction

On June 27, 2013, a Cuyahoga County Grand Jury issued an indictment charging Thomas with three counts of rape under O.R.C. § 2907.02(A)(2) and one count of kidnapping under O.R.C. § 2905.01(A)(4), with each count including one-year and three-year firearm specifications.  Doc. 5-1, pp. 4-6.  The indictment charged that the offenses were committed on or about June 28, 1993.  Doc. 5-1, pp. 4-6.

Thomas entered a plea of not guilty to the indictment.  Doc. 5-1, p. 7.  On August 29, 2013, Thomas filed a Motion to Dismiss for Want of Prosecution in Violation of the Sixth Amendment to the United States Constitution, arguing that his speedy trial rights and due process rights had been violated due to the delay of nearly 20 years in prosecuting him.  Doc. 5-1, pp. 8-15.  The state filed an opposition.  Doc. 5-1, pp. 16-22.  On November 7, 2013, the trial court held a hearing on Thomas's motion, which was continued.  Doc. 5-1, p. 23.  Also, on November 7, 2013, Thomas filed a Second Memorandum in Support of his Motion to Dismiss.

3

Doc. 5-1, pp. 24-29.  On February 6, 2014, the hearing on Thomas's motion to dismiss resumed and the trial court denied the motion.  Doc. 5-1, p. 30.

Thomas's case proceeded to trial in February 2014.  Doc. 5-1, pp. 30-31.  At the conclusion of the trial, the State moved to dismiss Counts One and Three (two of the rape counts).  Doc. 5-1, pp. 4-5, 31.  The trial court granted the State's request and renumbered Count 2 to Count 1 and renumbered Count 4 to Count 2.  Doc. 5-1, p. 31.  The trial court also dismissed the one-year firearm specifications for Counts 1 and 2.  Doc. 5-1, p. 31.  The jury returned a verdict of guilty of rape (Count 1) and kidnapping (Count 2), with firearm specifications as to both.  Doc. 5-1, p. 32.  On March 24, 2014,[2] the trial court sentenced Thomas to a prison term of 8-25 years on the rape and kidnapping convictions, to run concurrent to each other, plus 3 years on the firearm specification to run prior to and consecutive with the prison term for the rape and kidnapping convictions, for a total term of imprisonment of 11-25 years.  Doc. 1, p. 1, ¶; Doc. 5-1, 33.

**B.  Direct appeal**

On April 1, 2014, Thomas, through new counsel, filed an appeal with the Eighth District Court of Appeals.  Doc. 5-1, p. 35.  On August 6, 2014, Thomas raised the following assignments of error in his appellate brief (Doc. 5-1, pp. 36-60):

1. The trial court erred in denying Defendant's motion to dismiss the indictment due to excessive pre-indictment delay, in violation of Defendant's right to due process of law, as protected by the Fourteenth Amendment to the United States Constitution.

2. The trial court erred in the admission of the hearsay statement of the alleged victim, in violation of Defendant's right to confront his accusers, as protected by the Sixth and Fourteenth Amendments to the United States Constitution.

3. The trial court erred in refusing to admit extrinsic evidence concerning the prior inconsistent statements of the alleged victim.

---
[2] The journal entry was filed on March 28, 2014.  Doc. 5-1, p. 33.

4

    4. The trial court erred in refusing to grant a mistrial.

    5. The trial court erred in sentencing Defendant to a term of imprisonment of eight to twenty-five years, contrary to the provisions of R.C. § 1.58(B).

Doc. 5-1, p. 40.  The State filed its appellate brief on September 24, 2014.  Doc. 5-1, pp. 61-82. On October 6, 2014, Thomas filed a reply brief (Doc. 5-1, pp. 83-88) and, on November 3, 2014, Thomas filed a Citation of Additional Authority (Doc. 5-1, pp. 90-91).

    On February 5, 2015, the Eighth District Court of Appeals affirmed the trial court's judgment in part and reversed in part.  Doc. 5-1, pp. 89-115.  The court of appeals overruled Thomas's first through fourth assignments of error one but sustained his fifth assignment of error.  Doc. 5-1, pp. 89-115.  The court of appeals found that the trial court erred in sentencing Thomas under sentencing provisions in effect at the time of the rape and kidnapping, finding that Thomas should have been sentenced under sentencing provisions that became effective September 30, 2011.  Doc. 5-1, pp. 110-116.  The State appealed the court of appeals' decision to the Supreme Court of Ohio (Doc. 5-1, pp. 116-117) but Thomas did not file a timely appeal from the decision (Doc. 7, p. 2; Doc. 9; Doc. 10, p. 1).

    In its memorandum in support of jurisdiction (Doc. 5-1, pp. 118-150), the State asserted one proposition of law:

> Proposition of Law: A defendant who commits an offense prior to July 1, 1996 is subject to law in effect at the time of the offense and not subject to sentencing provisions of S.B. 2 effective July 1, 1996 and H.B. 86 effective September 30, 2011.

Doc. 5-1, p. 119.

    On September 16, 2015, the Supreme Court of Ohio accepted the State's appeal (Case No. 2015-0473).  Doc. 5-1, p. 151.  On December 21, 2015, the State filed its merit brief.  Doc. 5-1, pp. 152-211.  Thomas filed his brief (Doc. 5-1, pp. 212-227) and, the State filed a reply brief

5

(Doc. 5-1, pp. 228-240).  On August 30, 2016, the Supreme Court of Ohio affirmed the decision of the court of appeals, concluding that Thomas was "entitled to the benefit of the shorter potential sentences under the law in effect at the time of sentencing."  *State v. Thomas*, 148 Ohio St.3d 248, 248 (2016); http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/0473.[3]

**C.  Resentencing**

On July 21, 2015,[4] on remand following the state court of appeals' February 5, 2015, decision, the trial court resentenced Thomas to 11 years' imprisonment on Counts 1 and 2, to be served concurrently and 3 years on the firearm specification to be served prior to and consecutive to the sentence for Counts 1 and 2 for a total of 14 years' imprisonment.  Doc. 5-1, pp. 248-249.

Thomas, through counsel, filed an appeal of his resentencing.  Doc. 5-1, pp. 250-253.  The State filed a notice of cross appeal.  Doc. 5-1, pp. 254-257.  Thomas filed a motion to dismiss the State's cross appeal as untimely.  Doc. 5-1, pp. 258-260.  The court of appeals granted Thomas's motion to dismiss the State's cross appeal.  Doc. 5-1, p. 261.

On December 18, 2015, Thomas filed his appellate brief (Doc. 5-1, pp. 262-273), wherein he raised the following assignments of error:

1. The trial court erred in imposing a maximum sentence upon Defendant.

2. The trial court violated Defendant's right to due process under the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution, by imposing a harsher sentence upon Defendant after his successful appeal.

Doc. 5-1, p. 265.  The State filed its brief.  Doc. 5-1, pp. 274-284.  On May 12, 2016, the court of appeals, sua sponte, stayed the appeal pending resolution of the appeal that was pending before

---

[3] *See* Fed. R. Evid. 201(b)(2) (allowing a court "to judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." ; *see also e.g., Ashipa v. Warden, Chillicothe Corr. Inst.*, 2009 WL 3152840, *3 (S.D. Ohio Sept. 30, 2009) (taking judicial notice of online docket records available to the public through the internet).

[4] The journal entry was filed on July 30, 2015.  Doc. 5-1, p. 248.

6

the Supreme Court of Ohio in Case No. 2015-0743. Doc. 5-1, p. 287. As indicated above, on August 30, 2016, the Supreme Court of Ohio affirmed the decision of the court of appeals, concluding that Thomas was "entitled to the benefit of the shorter potential sentences under the law in effect at the time of sentencing." *State v. Thomas*, 148 Ohio St.3d 248, 248 (2016).

Thereafter, on December 22, 2016, the Eighth District Court of Appeals considered Thomas's appeal from the July 30, 2015, resentencing. *State v. Thomas*, 2016 WL 7427410 (Dec. 22, 2016). The court of appeals concluded that, after the State filed its notice of appeal in March 2015, the trial court was without jurisdiction to resentence Thomas in July 2015. *Id.* at * 4. Thus, the court of appeals vacated the trial court's July 30, 2015, sentence and remanded the matter for resentencing hearing. *Id.*

On March 14, 2017, the trial court sentenced Thomas to 11 years on Count 1 and 11 years on Count 2 and 3 years on the firearm specification for a total of 14 years. https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=Bi2-ZHqJtTXwVcX6FFeEXw2 (criminal search by case, Case No. 13-575711). The trial court ordered Count 1 and 2 to run concurrent to each other and the 3 year firearm specification to run prior to and consecutive to Counts 1 and 2.

https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Docket.aspx?q=Bi2-ZHqJtTXwVcX6FFeEXw2 (criminal search by case, Case No. 13-575711).

**D. Federal habeas corpus**

In his habeas petition, Thomas asserted two grounds for relief. Doc. 1, p. 3. On July 15, 2016, Respondent filed a Return of Writ. Doc. 5.

7

On August 25, 2016, Thomas filed a motion to stay and hold this case in abeyance pending exhaustion of a motion for delayed cross appeal to the Supreme Court of Ohio. Doc. 7. On October 18, 2016, Thomas withdrew that motion. Doc. 9.

In his Traverse, filed on September 28, 2016, Thomas withdrew Ground Two.[5] Doc. 8, p. 4. Thus, Thomas's one remaining ground for relief is:

> **GROUND ONE**: The Trial Court's denial of the motion to dismiss for pre-indictment delay denied Petitioner his rights to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution.
>
> **Supporting Facts**: The trial court denied the motion to dismiss for pre-indictment delay, despite a showing that the delay actually prejudiced the defendant, and was not justified.

Doc. 1, p. 3.

### III. Law and Analysis

**A. Standard of review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[5] In Ground Two, Thomas alleged "The trial court's denial of petitioner's right to confront witnesses denied him his right to confront witnesses under the Sixth and Fourteenth Amendments to the United States Constitution." Doc. 1, p. 3.

8

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

9

664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.  Exhaustion and procedural default**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.[6]  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 324-325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  Further, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

---

[6] In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

10

Additionally, a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."[7] *Id.* Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure

---

[7] In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

11

to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**C. Ground One is procedurally defaulted and Thomas's Petition should be dismissed**

Thomas acknowledges that he did not file a timely cross appeal of the court of appeals' February 5, 2015, decision with the Supreme Court of Ohio. Doc. 7, p. 2. Also, while he asserted in his motion for stay and abeyance that he had filed a motion for leave to file a delayed cross appeal with the Supreme Court of Ohio (Doc. 7, p. 2), Thomas subsequently withdrew his motion for a stay and abeyance (Doc. 9) and there is no record of a motion for leave to file a

12

delayed appeal on the Supreme Court online docket for Case No. 2015-0473.  *See*

*http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2015/0473*; *see also* Doc. 10, p. 1.

Since Thomas did not pursue the claims asserted in Ground One at each and every level of the state courts, Ground One is procedurally defaulted.  *See Williams*, 460 F.3d at 806 ("[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'")  (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also  Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).

In order to overcome the procedural default of Ground One, Thomas must establish cause and prejudice to excuse his procedural default or demonstrate that a fundamental miscarriage of justice will occur if his grounds for relief are not considered on federal habeas review.

In his Traverse, Thomas argues the merits of Ground One and contends that he was prejudiced by the pre-indictment delay.  Doc. 8, pp. 6-11.  However, Thomas does not specifically address or refute Respondent's claim that Ground One is procedurally defaulted.

Moreover, the undersigned fails to find any cause external to Thomas to justify the procedural default.  To the extent that Thomas would attempt to argue that cause for his procedural default was ineffective assistance of appellate counsel in failing to timely file a notice of cross appeal with the Supreme Court of Ohio, that argument would fail because "[t]here can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment."  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 752

(1991)). And it is clear that "a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction . . . ." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citing *Wainwright v. Torna*, 455 U.S. 586 (1982) and *Ross v. Moffitt*, 417 U.S. 600 (1974)); *see also Garrett*, 2007 WL 315093, * 5; *see also Espinal v. Warden, Noble Corr. Inst.*, 2007 WL 1288175, * 10 (S.D. Ohio May 1, 2007); *Sands v. Clipper*, 2015 WL 1538829, * 11 (N.D. Ohio Apr. 7, 2015) (when considering whether a petition was timely filed due to equitable tolling, the court considered a claim of ineffective assistance of appellate counsel and concluded that, "inasmuch as [petitioner] had no right to the assistance of counsel in his appeal to the Supreme Court of Ohio, there can be no claim that he was denied effective assistance of counsel in this regard.").

Additionally, while Thomas argues that he was prejudiced by the pre-indictment delay because certain witnesses were unavailable, had no independent recollection, and/or had died prior to his prosecution, he has not argued prejudice in the context of his procedural default. Moreover, Thomas has failed to demonstrate a claim of actual innocence such that there would be a fundamental miscarriage of justice if his Petition was not considered on federal habeas review. *See Lundgren*, 440 F.3d at 764 ("A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"); *see also Bousley v. United States*, 523 U.S. 614, 623 (1995) (indicating that "'actual innocence' means factual innocence, not mere legal insufficiency")

For the reasons set forth herein, the undersigned concludes that Thomas procedurally defaulted Ground One by failing to present his claim to the Supreme Court of Ohio and Thomas has failed to demonstrate a basis upon which his procedural default should be excused.

14

Accordingly, the undersigned recommends that the Court dismiss Thomas's Petition with prejudice.

## IV. Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** Thomas's Petition (Doc. 1) due to procedural default.

Dated: July 11, 2017

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).